UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ARCHIE V. JACKSON,

      Plaintiff,

 -against-

NEW YORK CITY TRANSIT and PRESIDENT
ROGER TOUSSANT, TWU LOCAL 100,

      Defendants.
-----------------------------------------------------------x

ORIGINAL
D+F
C|M

**MEMORANDUM & ORDER**
Case No. 05-CV-1763 (FB) (LB)

*Appearances:*
*For the Plaintiff:*
ARCHIE V. JACKSON, *Pro Se*
163-29 130th Avenue
Apt. #9A
Jamaica, NY 11434

*For Defendants Roger Tousant and Local 100:*
DANIEL R. BRIGHT, ESQ.
Kennedy, Schwartz & Cure, P.C.
113 University Place, 7th Flr.
New York, NY 10024

*For Defendant New York City Transit:*
VICTOR MITCHELL LEVY, ESQ.
New York City Transit Authority
130 Livingston Street
Brooklyn, NY 11201

ARTHUR A. SCHWARTZ, ESQ.
Kennedy, Schwartz & Cure, P.C.
113 University Place
New York, NY 10003

**BLOCK, District Judge:**

  *Pro se* plaintiff Archie Jackson ("Jackson") has brought this action against the New York City Transit Authority ("NYCTA") and the Transport Workers Union of Greater New York, Local 100 ("Local 100") (collectively, "defendants").[1] Jackson claims that

---

 [1] Although the Complaint names "President Roger Toussaint, TWU Local 100" as a defendant, the Court construes the Complaint as against Toussaint in his official

NYCTA and Local 100 engaged in employment discrimination on account of his race, age and disability. *See* Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified, 42 U.S.C. §§ 2000e to 2000e-17; Age Discrimination in Employment Act of 1967 ("ADEA"), as codified, 29 U.S.C. §§ 621-634; Americans with Disabilities Act of 1990 ("ADA"), as codified, 42 U.S.C. §§ 12112-12117. Jackson also contends that Local 100 breached its duty of fair representation ("DFR"). Local 100 moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the complaint against it, alleging (1) in respect to the Title VII, ADEA and ADEA claims, that Jackson has not filed an EEOC charge against Local 100, and (2) in respect to the DFR claim, that the statute of limitations has expired.[2] For the reasons set forth below, Local 100's motion is granted in part and denied in part.

## BACKGROUND

The following facts are drawn from the complaint and are accepted as true for the purposes of this motion. Jackson filed grievance forms with Local 100 on February 17, 1995, December 24, 2001, and February 1, 2002, alleging that NYCTA engaged in discriminatory practices. On September 5, 2002, the union informed Jackson that it "was not going to use union resources to help [him]." Compl. at 5.

On May 18, 2004, Jackson filed an administrative charge of discrimination against the "defendants" with the Equal Employment Opportunity Commission ("EEOC")

---

capacity – tantamount to a claim against the union itself – because the allegations contained in the complaint concern Local 100 rather than any individual action by Toussaint.

[2] NYCTA has not moved to dismiss the complaint against it.

and on January 19, 2005, he received a right-to-sue letter from the EEOC. Compl. at 4-5. However, the right-to-sue letter attached to his complaint pertains only to NYCTA – not Local 100. On April 7, 2005, Jackson filed this lawsuit.

## DISCUSSION

A court may dismiss an action pursuant to Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] will entitle him to relief." *Todd v. Exxon Corp.*, 275 F.3d 191, 197-98 (2d Cir. 2001). The Court accepts as true the plaintiff's factual allegations in the complaint and draws all reasonable inferences in favor of the non-moving party, *see Board of Educ. of Pawling Cent. Sch. Dist. v. Schutz*, 290 F.3d 476, 479 (2d Cir. 2002); where, as here, a party is proceeding *pro se*, the Court must "read the [*pro se* papers] liberally, and ... interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1998). Finally, an action "can be dismissed ... pursuant to a Rule 12(b)(6) motion raising an affirmative defense if the defense appears on the face of the complaint." *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003).

### 1. Failure to File EEOC Charge

As a condition precedent for filing a Title VII, ADA or ADEA claim in federal court, "a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC[,]" *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) (Title VII), *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999) (ADA); *Miller v. ITT Corp.*, 755 F.2d 20, 23 (2d Cir. 1985) (ADEA). The Second Circuit, however, has explained:

> Because these charges generally are filed by parties not versed in the vagaries of Title VII and its jurisdictional and pleading requirements, we have taken a flexible stance in interpreting Title VII's procedural provisions, so as not to frustrate Title VII's remedial goals. Thus, courts have recognized an exception to the general rule that a defendant must be named in the EEOC complaint. This exception, termed the "identity of interest" exception, permits a Title VII action to proceed against an unnamed party where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge.

*Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991) (internal citations and quotations omitted).

Four factors are considered in determining whether an "identity of interest" exists:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 209-10. In *Vidal v. Interfaith Medical Center*, the Second Circuit, applying those four factors, held on a motion for summary judgment that there was no identity in interest between a union and an employer where it was undisputed that "(1) [the plaintiff] was fully aware of [the union's] role at the time he filed the EEOC charge, (2) the interests of [the union] and [the employer] [we]re sufficiently dissimilar that [the union's] participation would be necessary to voluntary conciliation, and (3) there [wa]s no allegation that [the

4

union] ever represented to [the plaintiff] that his relationship with [the union] should be through [the employer]." 168 F.3d 615, 620 (2d Cir. 1999); *see also Marshall v. National Ass'n of Letter Carriers BR36*, 2003 WL 22519869, at *11 (S.D.N.Y. Nov. 7, 2003) (granting motion to dismiss where allegations in complaint showed that there was no identity in interest between employer and union); *Schaefer v. Erie County Dep't of Social Servs.*, 82 F. Supp. 2d 114, 117 (W.D.N.Y. 2000) (same).

In the present case, the motion is one to dismiss under Fed. R. Civ. P. 12(b)(6) rather than one for summary judgment under Fed. R. Civ. P. 56. In the context of a motion to dismiss, the Court cannot conclude, based on the limited allegations in the complaint, that there was no identity of interest between Local 100 and NYCTA; thus, Local 100's motion in regard to Jackson's Title VII, ADEA and ADA claims is denied.

The Court will revisit the matter if Local 100 moves for summary judgment. On a motion for summary judgment, because Local 100 has challenged whether Jackson can satisfy the EEOC charge prerequisite, Jackson would bear the burden of proving that there is an identity of interest between Local 100 and NYCTA. *See Hill v. Citibank Corp.*, 312 F. Supp. 2d 464, 473-74 (S.D.N.Y. 2004) ("Once the defendant has challenged the condition precedent specifically and with particularity, the burden is on the plaintiff to prove that the condition precedent was satisfied."). If Local 100 moves for summary judgment, Jackson, in order to sustain his burden, would have to file sworn affidavits, which are sworn statements of fact based on personal knowledge, or other papers as required by Fed. R. Civ.

P. 56(e); if he failed to do so, the complaint against Local 100 would be subject to dismissal without trial.

## 2. DFR Claim

Jackson's DFR claim arises under New York Civil Service Law 209-a(2)(c), which has a four-month statute of limitations.[3] *See* N.Y. C.P.L.R. 217(2)(a); *Dolce v. Bayport-Blue Point Union Free School Dist.*, 286 A.D.2d 316, 316 (2d Dep't 2001) (DFR claims "are governed by the four-month Statute of Limitations in CPLR 217(2)(a)."). The cause of action accrues from the date "the employee or former employee knew or should have known that the breach has occurred, or . . . the date the employee or former employee suffers actual harm, whichever is later." N.Y. C.P.L.R. 217(2)(a).

The latest activity alleged in the complaint that involved Local 100 occurred on September 5, 2002, the date Jackson learned that Local 100 would not file a grievance on his behalf; accordingly, Jackson's DFR claim started to accrue on that date. *See Obot v. New York State Dep't of Corr. Servs.*, 682 N.Y.S.2d 767, 767 (4th Dep't 1998) (cause of action accrued from the date plaintiff learned that union refused to pursue grievance). Therefore, his DFR claim is clearly time-barred because his complaint was not filed until April 7, 2005,

---

[3] Federal law also gives rise to DFR claims under the Labor Management Relations Act and the National Labor Relations Act; however, these statutes "do[ ] not vest federal district courts with subject matter jurisdiction over claims[, as here,] by public employees against their unions for breach of the duty of fair representation." *Straker v. Metropolitan Transit Authority*, 333 F. Supp. 2d 91, 104 (E.D.N.Y. 2004) (citing *Ayres v. International Bhd. of Elec. Workers*, 666 F.2d 441, 444 (9th Cir. 1982) and *Cunningham v. Local 30, Int'l Union of Operating Eng'rs*, 234 F. Supp. 2d 383, 395-96 (S.D.N.Y. 2002) (explaining that the definitions applicable to the LMRA and NLRA provide that those statutes do not afford a cause of action to employees of "any State or political subdivision thereof.").

more than two and a half years later; furthermore, Jackson's contention that he did not know the applicable statute of limitations is irrelevant because "[m]ere ignorance of the law is, of course, insufficient to delay the accrual of the statute of limitations." *Ormiston v. Nelson*, 117 F.3d 69, 72 (2d Cir. 1997). Therefore, the DRF claim is dismissed.

## CONCLUSION

Local 100's motion to dismiss Jackson's complaint against it is denied except with respect to Jackson's DFR claim.

**SO ORDERED.**

                                          FREDERIC BLOCK
                                          United States District Judge

Dated: Brooklyn, New York
       October 17, 2005